[Crim. No. 1620. In Bank.—July 3, 1911.]

In the Matter of PATRICK CALHOUN on Habeas Corpus.

HABEAS CORPUS—DISCHARGE DENIED.—Application for a discharge on *habeas corpus* is denied, and the writ is dismissed, on the authority of *In re Ford, ante,* p. 334.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of the City and County of San Francisco.

The facts are similar to those stated in the opinion in *In re Ford, ante,* p. 334.

A. A. Moore, Garret W. McEnerney, and Stanley Moore, for Petitioner.

C. M. Fickert, District Attorney, and A. E. Lane, Assistant District Attorney, for Respondent.

THE COURT.—Petitioner, together with Tirey L. Ford, William M. Abbott, and Thornwell Mullally was jointly indicted by the grand jury of the city and county of San Francisco charged with the bribery of certain members of the board of supervisors of said city and county in connection with the granting of certain electric overhead trolley franchises on certain streets of said city to the United Railroads, a corporation. These parties on the same day filed separate petitions in this court for a writ of *habeas corpus* seeking their release from the custody of the sheriff of said city and county into whose custody they had voluntarily surrendered themselves for the purpose of suing out this writ. These petitions contain practically the same statement of facts and on the hearing similar points were made and similar grounds urged for the granting of the writ and their discharge thereunder.

*In the Matter of the Application of Tirey L. Ford, ante,* p. 334, for his writ we have this day filed an opinion and rendered judgment dismissing it. The application of this petitioner is based upon the same grounds as were urged in the matter of Tirey L. Ford and submitted on the same showing as was made at the hearing in that proceeding, and for the same reasons as are assigned in the opinion accompanying the denial of the application of said Tirey L. Ford, this present petition is denied, the writ dismissed and petitioner remanded to custody.